## Case No. 12,321.

### SANGSTER v. QUANTRILL.

[1 Hayw. & H. 18.] [1]

Circuit Court, District of Columbia. Jan. 23, 1841.

ACTION UPON AN AWARD.

1. Where a party to an award without any fraudulent intent revoked the submission and gave notice thereof before the award was made and signed, the authority of the arbitrators thereupon ceased.

2. An award will not be set aside except for the reasons mentioned in the act of Maryland of 1778 (chapter 21, § 9), or for such reasons as are apparent on the face of the award.

This was an action of debt upon an award in favor of plaintiff made by arbitrators, in a controversy between plaintiff and defendant.

H. Morfit, for plaintiff.
J. Marbury, for defendant.

The following is the agreement submitting the claims of the parties: "It is agreed be-

---

[1] [Reported by Samuel S. Fisher, Esq., and by Hon. Samuel Blatchford, District Judge, and here compiled and reprinted by permission. The syllabus and opinion are from 2 Fish. Pat. Cas. 563, and the statement is from 5 Blatchf. 243. Merw. Pat. Inv. 92, contains only a partial report.]

[2] [From 5 Blatchf. 243.]

tween Thos. Sangster and Thos. Quantrill, that they refer their business to the arbitrament of T. L. Thurston and Wm. Stewart, who shall call a third party in case of their disagreement; and the said referees, in all respects, shall have power of decision in law, in justice and in honor; they shall award in all cases, and where defects in proof or contract does not supply them with definite data to form an opinion, they are at liberty to supply the same agreeably to the established custom of business and their idea of right; and their decision shall be final, and they are at liberty to make statement, and, if necessary, produce, on any matter of account, proof. 13th day of Aug., 1839. Thos. Sangster. Thos. Quantrill."

After examining the proofs, &c., submitted to them, the arbitrators made the following award: "Whereas, divers disputes and controversies have heretofore arisen between Captain Thomas Sangster, of Fauquier county, state of Virginia, and Captain Thomas Quantrill, of Georgetown, in the District of Columbia, concerning their affairs generally; and the said Thomas Sangster and Thomas Quantrill having mutually agreed that all matters in difference between them relative to their said affairs generally, should be submitted to the arbitrament, final end, and determination of the subscribers, and having entered into a mutual agreement, or obligation, thereby binding themselves each to the other, to stand to, abide, perform and keep the award which the subscribers shall make: Now know ye, that we, the subscribers, having fully examined, and duly considered, the proofs and allegation of both parties aforesaid, that have been submitted to us, do award as follows: That the said Thomas Quantrill shall pay to the said Thomas Sangster the sum of $1.303.51 current money of the United States on or before the 1st day of November next ensuing the date hereof; upon the payment of which sum the said Thomas Sangster shall sign and deliver to the said Thomas Quantrill a release in full for all demands or claims whatsoever which might have arisen in consequence of the matters in dispute submitted to the arbitrament. decision and award of the subscribers, excepting so far as relates to their existing joint claims or interest in reference to pension claims, and land from the general and state governments, and of individuals. In testimony whereof, we have hereunto set our hands, this 28th October, 1839. Wm. Stewart. Th. L. Thurston."

Copy of the award was served on the defendant, and demand for payment of the amount of the award was made on the first day of November, 1839.

On the trial of the cause the defendant, through his attorney, prayed the court to instruct the jury: "That if the jury believe from the evidence that Mr. Quantrill, without any fraudulent intent, revoked the submission, and gave notice thereof to the said arbitrators before the award was made and signed by the arbitrators, the authority of the arbitrators thereupon ceased, and the award made thereafter was null and void, and the plaintiff is not entitled to recover thereon in this action."

THE COURT gave the instruction as prayed, and there was a verdict for plaintiff for the amount of the award.

The defendant, by his attorney moved for a new trial because of misdirection in a matter of law by the court to the jury.

Mr. Marbury cited Green v. Pole, 6 Bing. 443, and 4 Moore & P. 198.

Plaintiff, who had taken a verdict subject to an award under an order at nisi prius, after the case had been heard, and just before the award was about to be made, revoked the arbitrator's authority, with circumstances savoring of mala fides, and gave fresh notice of trial.

Mr. Morfit, contra, cited Dorsey v. Jeoffray, 3 Har. & McH. 121. No reasons good to set aside an award but those mentioned in the act of Maryland of 1778 (chapter 21, § 9), or which are apparent on the face of the award.

THE COURT, after hearing argument overruled the motion.

NOTE. Act Md. 1778, c. 21, § 9: That such award shall remain seven days in general court during their sitting, if returned to the general court, or four days in the respective county courts during their sitting, if returned to any county court, after the return thereof, before any such judgment shall be entered up; and if it shall appear to the justices of the court to which any such award shall be returned, within the respective times aforesaid, that the same was obtained by fraud or malpractice, in or by surprise, imposition or deception of the arbitrators, or without due notice to the parties or their attorney or attorneys, it shall or may be lawful for the said court to set aside such award, and refuse to give judgment thereon.